C. J. SIMMONS, Assignee of Teget Construction Company, Substituted Plaintiff, Appellant, v. MRS. ELLA TATHAM et al., Appellees.

No. 42811.

JUNE 21, 1935.

Charles Elick, for appellant.

Burnstedt & Hemingway, for appellees.

ANDERSON, C. J.—Henry Teget, in 1922, was engaged in drainage ditch work as a contractor and acquired about $16,000 in drainage warrants issued by Sanborn county, South Dakota, in what is known as drainage district No. 29. Among these warrants was one for $4,852.46, being No. 1062. The warrant was presented to the county treasurer of Sanborn county on October 9, 1922, was not paid for want of funds, and was registered as warrant No. 41. The appellant claims that it drew interest from the date of its presentation at 7 per cent, but there is no competent evidence in the record to so show. On March 14, 1923, the warrant in question, together with other warrants, was sold by the said Henry Teget to one M. V. Tatham, and as a part of the consideration for such sale the said Henry Teget executed and delivered to the said Tatham the following instrument:

"Webster City, Iowa,
"March 14, 1923.

"Mr. M. V. Tatham, Jewell, Iowa.

"Dear Sir: I, Henry Teget of Webster City, Iowa, agree in consideration of M. V. Tatham having purchased the following warrants, that said warrants shall draw interest 6% from March 14, 1923.

"I further agree to look after the collection of the warrants and to guarantee the payment of same with interest 6% from March 14, 1923.

No. 15134 Hamilton County Drain No. 241............................$ 500.00
No. 15135 Hamilton County Drain No. 241.......................... 500.00
No. 1925 Wright County Drain No. 133.............................. 730.00
No. 1062 Sanborn County Drain No. 29............................... 4,852.46

Total ..................................................................................$7,254.86

"Truly yours,
"Henry Teget."

The last described warrant is the only one which is involved in this case.

Sanborn county never paid any interest on this warrant; however, Teget paid under his guaranty three years interest at 6 per cent, amounting to $873.42. Later, and about the year 1928, Tatham transferred this warrant to his wife in trust for their three children, Mrs. E. W. Fannon, Mrs. A. C. Larson, and Mrs. H. J.

Caruth. Mrs. Fannon, Mrs. Caruth, and Ella Tatham, the wife of M. V. Tatham, are named parties defendant in this action. Soon after Mrs. Tatham received the warrant from her husband, she notified Mr. Teget that the interest thereon was long past due and requested by letter that he pay the same. He never answered the letter, although he admits having received the same. Mrs. Tatham later transferred the warrant to her daughter, Mrs. Caruth, who held the same in trust for herself and two sisters named. The interest payments upon the warrant, indicated above, were for the first three years interest following the date of the assignment, to wit: March 14, 1923, and these payments were made to Tatham before he transferred the warrant to his wife. The record shows that Teget was in failing circumstances, and efforts to collect the warrant or the accrued interest thereon from him proved of no avail. In 1929, the three daughters accompanied by their husbands went to South Dakota to investigate the possibility of realizing upon the warrant. The county treasurer who had issued the warrant told them that he could not say when the warrant would be paid; that it might be a long period of years; that crops were poor and people were not paying their taxes and there was no market for the warrant. They consulted bankers and others in the vicinity and received the same report as to the salability or collectibility of the warrant. and ascertained that there was litigation involving its validity. There is testimony in the record that the warrant was not worth to exceed 25 per cent of its face, and that there was no sale for warrants of this kind. There was approximately $26,000 in warrants against this drainage district registered prior to the registration of the warrant here involved, and all of such prior registered warrants would have to be paid before the one in suit. The total amount of warrants issued in the drainage district was $91,000, and in March, 1930, there was cash on hand in the drainage fund of $11.93. Between March, 1930, the date the three daughters sold this warrant, and October, 1932, only $625.75 was collected on assessments in the drainage district. In March, 1930, the sisters sold the warrant for $200 less than its face to some parties owning property within the drainage district who afterwards turned in the warrant as payment on their assessments. However, the state's attorney advised the county treasurer that such transaction was not legal and that the treasurer had no authority to accept such warrant in payment of special assessments. The land in the drainage district had been

offered at tax sale, and there were no bidders, and Sanborn county had to buy the land at tax sale. The testimony is undisputed that the warrant in question at the time it was sold had little or no market value.

The proceeds realized from the sale of the warrant were divided equally between the three sisters.

Plaintiff brings this action against Mrs. Ella Tatham and two of the sisters.

The plaintiff is the assignee of the Teget Construction Company, to whom Henry Teget assigned the claim upon which plaintiff declares in his petition in this case. The plaintiff claims that in selling the warrant in question, under the guaranty which we have above set out, he retained the interest which had accrued upon the warrant to the date of its transfer, to wit: March 14, 1923, and also retained 1 per cent of the accruing interest, and that he should be reimbursed for the $873.42 which was paid by Teget to M. V. Tatham, and that the total of such items should be held by the court to be a trust fund in the hands of the defendants for the use and benefit of Teget or his assignee. The plaintiff further claims that Teget had an equity in the warrant and that its sale by the holders thereof without any notice to Teget was illegal, and by reason of such sale the equity of Teget, or his assignee, was lost to him. The trial court found adversely to plaintiff's claims and dismissed plaintiff's petition, from which finding and order this appeal is prosecuted.

We are unable to follow the appellant in his contentions. The guaranty accompanying the sale of the warrant to M. V. Tatham was executed in consideration of such sale, and simply guarantees the payment of interest at 6 per cent from the date of such sale and warrants and guarantees the payment of the warrant. There is no reservation of any interest or equity in the warrant that we are able to discover. There is no allegation or claim of any fraud or collusion in the sale of the warrant by the appellees, holders of the warrant. At the time of the sale it was eight years past due, and there was five years accumulated and unpaid interest thereon. Even the assignment of the claim from Henry Teget to the Teget Construction Company does not mention any reserved interest or equity, but simply assigns Teget's alleged claims on account of the interest payments claimed to have been made by him to Tatham during the time that Tatham was the owner and holder of the war-

rant. At the time the warrant was sold by the sisters in March, 1930, it is fair to conclude from the record that Teget was insolvent, and this fact would further depreciate the value of the warrant, as nothing could be realized upon Teget's guaranty.

Many errors are assigned and argued on the part of the appellant, but, in our view of the case, it is not necessary that we notice them.

The record presents only the question as to whether or not the sale of the warrant involved by Teget to Tatham was absolute and without any restrictions or reservations, and, if it is determined that such was the situation, then plaintiff can have no recovery. As we have indicated, there was no reservation of any interest in the warrant that can be gathered from the guaranty, and there is no other evidence from which it can be said that such was the intention of the parties. Neither can it be said that the sisters who were the final holders of the warrant had any notice nor could have had any notice of any reservations or equities held or retained by Teget. The payments of interest made by Teget on the warrant were made to M. V. Tatham at a time when he was a holder thereof, and such payments were simply a discharge of his obligation under the guaranty agreement. Indeed, under the guaranty agreement he could have been held for the full face of the warrant and all accumulated interest which would have exceeded the amount of any claim that he now attempts to assert by reason of the payments of interest. It is our conclusion that Teget or his assignee had no such an interest in the warrant in question as would have even the most remote effect upon the right to sell and realize upon the warrant by the three sisters holding the same. In selling the warrant the sisters did only what they had a right to do; that is, realize as much as possible from the sale of their own property. The plaintiff wholly failed to establish facts entitling him to any relief.

It is our conclusion that the trial court did not err in its final order and judgment dismissing plaintiff's petition. Such order was right under the record, and an affirmance necessarily follows.—Affirmed.

ALBERT, KINTZINGER, MITCHELL, DONEGAN, HAMILTON, POWERS, and PARSONS, JJ., concur.